REED, APPELLANT, *v.* HERING ET AL., APPELLEES.

(No. 10341—Decided October 7, 1968.)

*Messrs. Waite, Schindel, Bayless & Schneider* and *Mr. Stanley M. Chesley,* for appellant.

*Messrs. Rendigs, Fry, Kiely & Dennis,* for appellee Vernon Hering.

*Messrs. McIntosh & McIntosh,* for appellee Hilma Keeton.

LONG, P. J. This was an action to recover for personal injuries claimed by plaintiff to have been sustained while riding in the back seat of the automobile of defendant Keeton. Keeton's auto was in a line of traffic on State Route 3 at its intersection with Kemper Road in Hamilton County, which was being heavily traveled on the occasion of an accident at about four p. m. The traffic in that lane was moving at about five miles per hour and was, to use the vernacular, of the "bumper to bumper" type. It had started to rain.

An automobile immediately in front of the Keeton car stopped suddenly, and Keeton applied his brakes, swerved to the right and came to a complete stop; to use his own words, Keeton slightly "grazed" the rear bumper of the car in front of him. Almost instantly, the car of Hering, codefendant, crashed into the rear of Keeton's car.

There is no dispute in the facts so far related in the transcript of the evidence, except a serious disagreement as to the extent of plaintiff's injuries; further, there is some question as to whether plaintiff was a paying passen-

ger in Keeton's car. The jury returned a general verdict in favor of both defendants.

There is no question in the minds of this court that both defendants are guilty of negligence; nor is there any doubt in our minds that plaintiff sustained some injury.

The record is full of testimony of previous injury to the plaintiff and that the day before the accident plaintiff expressed fear that his doctor was contemplating putting him back in the hospital again. Nevertheless, it is undisputed that plaintiff was unconscious as the result of the bump which he received in the present accident. This being so, he sustained some injury, be it ever so slight; therefore, he is entitled to recover some damages from the person or persons whose negligence proximately caused the injury.

However, the evidence is clear that the negligence of Keeton in whose car the plaintiff was riding could not have proximately or remotely caused any damage to a passenger in Keeton's car; Keeton's negligence ceased when he stopped. It was the subsequent negligence of the driver of the Hering car running into the Keeton car that was the sole and proximate cause of plaintiff's injuries.

The judgment of the court below sustaining the verdict and judgment against the plaintiff and in favor of defendant Keeton is affirmed.

The judgment against plaintiff and in favor of defendant Hering is reversed, and a new trial is granted.

*Judgment accordingly.*

HILDEBRANT and SHANNON, JJ., concur.